UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Edward S. Kiel |
| vs. | Case No. 24-cr-802 |
| LARRY PETTIS | |

**ORDER FOR CONTINUANCE**

This matter having come before the Court on the joint application of the United States, by Glenn S. Leon, Chief, U.S. Department of Justice, Criminal Division, Fraud Section (by Trial Attorneys Nicholas K. Peone and Hyungjoo Han, U.S. Department of Justice, Criminal Division, Fraud Section, appearing), and defendant Larry Pettis (Ikram Ally, Assistant Federal Public Defender, appearing), for an order granting a continuance of proceedings in the above-captioned matter; and the defendant being aware that he has the right to have this matter brought to trial within 70 days of the date of his appearance before a judicial officer of this court pursuant to 18 U.S.C. § 3161(c)(1); and the defendant having consented to such continuance and having waived such right; and for good cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case is an unusual or complex case within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii), in light of the nature of the prosecution such that it is unreasonable to expect adequate preparation for

1

pretrial proceedings or for the trial itself within 70 days.

2.  The discovery in the case is voluminous, consisting of, among other things, seized digital evidence, prescription monitoring program data, and medical records, and additional time is necessary to ensure that, taking into account the exercise of diligence, defense counsel has sufficient time to review and inspect discovery and further investigate the charges in this matter.

3.  The grant of a reasonable continuance will allow the United States and the Defendant to engage in plea negotiations. A resolution by way of a plea would render a trial unnecessary.

4.  The failure to grant a continuance would deny counsel for the Defendant and counsel for the Government the reasonable time necessary to effectively prepare for motion practice and/or trial, taking into account the exercise of due diligence.

5.  As a result of the foregoing, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(ii) and (iv), the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS, therefore, on this 13th day of January 2025,

(1) ORDERED that this action be, and hereby is, continued until April 4, 2025; and it is further

(2) ORDERED that the period from January 13, 2025 through April 4, 2025, be and it hereby is excluded in computing time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*

_____
HONORABLE EDWARD S. KIEL
United States District Judge

Consented to as to form and entry:

*/s/ Nicholas K. Peone*
NICHOLAS K. PEONE
HYUNGJOO HAN
Trial Attorneys
U.S. Department of Justice


*/s/ Ikram Ally*
IKRAM ALLY
Assistant Federal Public Defender
Counsel for Defendant Larry Pettis